Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | REBECCA R. PALLMEYER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0874 | **DATE** | March 29, 2011 |
| **CASE TITLE** | Juan Mason (#2010-129065) a/k/a Theotis Williams vs. Psych Worker Taylor, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#5] is granted. The court authorizes and orders Cook County Jail officials to deduct $1.00 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk is directed to: (1) reopen the case; (2) send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608; (3) issue summonses for service on Defendants by the U.S. Marshal; and (4) send Plaintiff a magistrate judge consent form and filing instructions along with a copy of this order.

■ **[For further details see text below.]**     **Docketing to mail notices.**

## STATEMENT

Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, correctional officers and a health care provider at the jail, violated Plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs and by using unjustified force against him. Specifically, Plaintiff alleges that he was denied a psychiatric evaluation when he experienced a crisis, and that officers maced him without provocation.

In a March 18, 2011 order, this court dismissed the case in light of Plaintiff's failure either to pay the statutory filing fee or to file a motion for leave to proceed *in forma pauperis*, as directed. Plaintiff has now filed an application to proceed *in forma pauperis*, however, and the court directs the Clerk to reopen the case.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $1.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the complaint states claims under the Civil Rights Act. The Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008); *Chapman v. Keltner*, 241 F. 3d 842, 845 (7th Cir. 2001); *but see Henderson v. Sheahan*, 196 F.3d 839, 844 (7th Cir. 1999) (inattention only to serious injury or signs of serious injury amounts to a constitutional violation). The Seventh Circuit has found that "the need for a mental illness to be treated could certainly be considered a serious medical need." *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001); *see also Wellman v. Faulkner*, 715 F.2d 269 (7th Cir. 1983). Furthermore, unjustified force against a pretrial detainee violates the inmate's rights under the Fourteenth Amendment. *See, e.g., Dorsey v. St. Joseph County Jail Officials*, 98 F.3d 1527, 1528 (7th Cir. 1998), *citing Graham v. Connor*, 490 U.S. 386, 395 n. 10 (1989). While a more fully developed record may belie Plaintiff's claims, Defendants must respond to the allegations in the complaint.

The Clerk shall issue summonses for service of the complaint on Defendants. The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former jail employee who can no longer be found at the work address provided by Plaintiff, the Cook County Department of Corrections and/or Cermak Health Services shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Ccurt with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded or returned to Plaintiff.